KATHERINE HILL, Individually and as Administratrix, etc., of FREDERICK BEYER, Deceased, Appellant, v. JACOB GROSS and Others, Respondents, Impleaded with EDNA HENDRICKSON and Another, Appellants.*

Third Department, September 27, 1929.

*Henry F. Gardner*, for the plaintiff, appellant.

*Eugene H. Bouton*, for the appellant Edna Hendrickson.

*Hamilton Ward, Attorney-General* [*Borden H. Mills* and *William F. Huyck, Deputy Assistant Attorneys-General*, of counsel], for the appellant The People of the State of New York.

*Vincent N. Elwood*, for the respondents Philip W. Gross and others.

*John D. Lyons*, guardian *ad litem* [*Nellie Childs Smith* of counsel], for infant respondents.

PER CURIAM. The property in question was conveyed to " Fred Beyer and Mary Beyer, his wife, share and share alike," by the wife's parents by a deed, dated October 15, 1890, and duly

---

* Affg. 133 Misc. 470.

recorded on November 10, 1890. The wife paid the consideration of $1,800. She and her husband moved on the property shortly thereafter. They were there when she died on July 16, 1904. A child born to them had predeceased her. She left her surviving her husband and several brothers and sisters. A tenancy in common was created by the deed. (*Bertles* v. *Nunan*, 92 N. Y. 152.) And upon her death, her undivided one-half went to her heirs, subject to the curtesy of her husband. He remained on the property until he died in September, 1927. The court has found that he died intestate and without heirs. While the evidence in support is meager, no one has excepted. And the question arises whether or not there is an escheat as to his undivided one-half. Section 91 of the Decedent Estate Law provides that " when the inheritance shall have come to the intestate from a deceased husband or wife, as the case may be, and there be no person entitled to inherit under any of the preceding sections, then such real property of such intestate shall descend to the heirs of such deceased husband or wife, as the case may be, and the persons entitled, under the provisions of this section, to inherit such real property, shall be deemed to be the heirs of such intestate." The words " shall have come to the intestate from a deceased husband or wife " constitute a loose, inexact, unscientific expression, the legal meaning of which it is somewhat difficult to interpret. We think, however, the legislative intent is reasonably clear. The purpose was to prevent the escheat of the property belonging to a person dying intestate who had received it through the favor of a husband or wife, perhaps insuring maintenance and support. If such spouse died without heirs, natural justice would suggest that the property should be returned to the heirs of the spouse who had thus provided maintenance for the other. The purpose is made more clear in the amendment of section 91, made by chapter 518 of the Laws of 1929, in effect April 11, 1929. Did this property come from the deceased wife to the intestate? Real property may come through purchase, devise or gift. Although the deed of the property was from the father, the husband received his share therein through the gift of his wife who furnished the entire consideration and who gave, we may assume, the directions concerning the grantees. It was her generous purpose, not the act of the formal grantor, which resulted in the vesting of the title in the husband. So the inheritance, which means the property passing at the death of the husband, came from the wife.

Thus, there is no escheat and the judgment should be affirmed.

VAN KIRK, P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Interlocutory judgment affirmed, with costs.